FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 14 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14-CR-518 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| UYI OBARETIN, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

**I.      Introduction**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 7, 2014, Mr. Obaretin pled guilty to one count of visa fraud, in violation of 18 U.S.C. § 1546(a).

1

On October 28, 2014, Mr. Obaretin was sentenced. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The adjusted offense level is 6, which includes a 2-point reduction for acceptance of responsibility. The criminal history category is I. The Guidelines range is 0–6 months. U.S.S.G. § 5C1.1(b). The maximum term of imprisonment is 10 years.

The Guidelines range for supervised release is 1 to 3 years. U.S.S.G. § 5D1.2(a)(2). The maximum term of supervised release is 3 years. 18 U.S.C. § 3583(b)(2).

## III. Sentence

Defendant was sentenced to time served of approximately 1.5 months and to 3 years of supervised release, with conditions specified orally at the hearing. A $100 special assessment was imposed. There was no fine and no requirement to pay any costs of prosecution because defendant does not have any assets, and it is unlikely that he will have any in the foreseeable future. The government is instructed to return to the defendant his personal property.

In so ruling, respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

## IV. Context

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* § 3553(a)(1). Mr. Ubaretin was sentenced to one count of visa fraud, a serious offense.

Mr. Obaretin is a 35-year old Nigerian national who identifies as gay. He received education through the 11th grade. He has no criminal history.

Mr. Obaretin's father threatened to report him to the police for his sexual orientation. If that happened, Mr. Obaretin believed that he would face a 10 to 14 year prison term. (Nigeria's treatment of gay citizens and its ban on same sex marriage is well known. *See, e.g.*, Lisa De Bode, *Exiled From Home: Nigeria's Gay Community Builds New Life In The US*, Al Jazeera America, March 5, 2014, available at http://america.aljazeera.com/articles/2014/3/4/exiled-from-homenigeriasgaycommunitybuildsalifeinnewyorkcity.html.) After Mr. Obaretin's father and an angry mob attacked him due to his sexual orientation, he fled Nigeria in fear for his life.

On September 11, 2014, Mr. Obaretin arrived at John F. Kennedy International Airport in Queens, New York, aboard a flight originating in Lagos, Nigeria. His passport contained a non-immigrant visa in his name. He had falsely stated his employment and reasons for traveling to the United States in his visa application.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed. Defendant will live with a felony conviction and its collateral consequences.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 30, 2014
       Brooklyn, New York